A. D. KENAMOND, Judge.
Claimant in this case seeks damages in the sum of $825.00, representing loss in rent for property occasioned by the failure of respondent to vacate certain premises on West Main street in Clarksburg, West Virginia, on the expiration date of a written lease.
By writing dated July 1, 1944, claimant leased these premises to the state department of unemployment compensation (so titléd until changed by the Legislature of 1949 to the department of employment security) for a period of one year with renewal option for an additional year, which option was exercised, thereby extending the lease period to and including June 30, 1946. On January 21, 1946, claimant notified respondent that the lease would not be renewed, the said premises having been demised *18 to other and different tenants, and demanded possession of the premises on expiration date of June 30, 1946, and further offering to waive the thirty-day notice stipulation in the lease if the respondent found it convenient to move to other suitable quarters before expiration date of lease and agreeing to accept rent .only to such earlier date.
Respondent failed and refused to vacate as demanded, on the ground that other suitable quarters could not be found. Finally respondent did vacate the premises on November 15, 1946, and paid claimant rental in the amount of $1,125.00, or $250.00 per month, for the four and a half months of extended occupancy beyond expiration of lease. During this extended period Arlene Shops, Inc. would have been paying claimant a rental of $300.00 per month, or a total of $1,350.00, under.a lease dated January 14, 1946, with the right of occupancy on July 1, 1946. There was no disposition on the part of respondent to contest the claim for $225.00, the amount of rental claimant lost by reason of respondent’s occupying the premises from July 1 to November 15, 1946.
Accordingly, this court unanimously favors and does hereby make an award of two hundred twenty-five dollars ($225.00) to Dena Cohen, as a claim for which the state received distinct value and benefit.
Consideration of an additional claim of $600.00 for loss to claimant arising from respondent’s failure to vacate on June 30, 1946, and a determination thereof, is more difficult, and Judge Bland will dissent from the majority opinion.
Having been deprived of occupancy of the premises on July 1, 1946, through the failure of respondent to vacate, until November 15, 1946, and having been unable to make necessary preparations for the Christmas trade, Arlene Shops, Inc., entered into a controversy with the claimant in this case, asserting both the right to reject the lease and to hold the claimant for heavy damages. The controversy was settled by the claimant’s releasing Arlene Shops from the payment of $600.00 rent for two months, from November 15, 1946 to January 15, 1947, during which time Arlene Shops could secure materials, no longer hav *19 ing the priorities obtained for the previous July 1, and make necessary alterations and prepare for the Easter trade. By this compromise settlement Arlene Shops waived the right to, and released claimant from, any and all damages to which they may have been entitled.
Counsel for state, on learning during the hearing of this case that, by this settlement, Arlene Shops, Inc., is precluded from proceeding in the court of claims or having a claim against the state of West Virginia said “I think we got off swell.” However, said counsel felt he would be derelict if he did not raise a constitutional question in connection with the compromise settlement between Dena Cohen and Arlene Shops. In a brief filed by the assistant attorney general, Eston B. Stephenson, he says that “It follows, therefore,” (from reference to the case of State ex rel. Baltimore & Ohio Railroad Co. v. Sims, Auditor, 132 W. Va. 13; 53 S. E. 2d 505) “that we cannot under the guise of a moral obligation, regardless of how equitable and just this claim may appear, accomplish indirectly that which cannot be accomplished directly, within the prohibition of section 6, article X of the constitution.”
Counsel for claimant responds to respondent’s contention that allowance of the $600.00 portion of this total claim rests entirely upon the holding in the B. & O. case, cited in Mr. Stephenson’s brief, by pointing out that “That case rested its decision upon the inability of the state, either directly, that is by express contact, or impliedly, that is by recognition of a covenant running with the land, to assume an obligation resting upon the Parkersburg Bridge Company, a private corporation, as the result of a contract made many years before by that corporation with the Baltimore and Ohio Railroad. That case is as though we were here asking the state to assume a liability resting upon a former tenant for whom it had taken over for an unexpired term, such as a covenant to deliver up the premises in good repair where the damages had been done by a former tenant.”
In the consideration and determination of this case we have weighed the following statement from the case of State ex rel. Davis Trust Co. v. Sims, 130 W. Va. 638:
*20 “The doctrine which gives rise to a moral obligation of the State, in any particular instance, is not rendered inoperative by, and it is not incompatible with, the principle which recognizes the immunity of the State from suit, * * *. It rests upon considerations of an entirely different and independent character. * * * if there were a legal liability upon the State, or any legally recognized remedy for such against it, there would be no occasion for one aggrieved or injured to seek from the State, upon the basis of a moral obligation, the relief which he is denied by positive law but to which he would be entitled if, in the identical situation, an obligation or duty would be judicially recognized in cases between private persons.”
We have also weighted the applicability to the instant case of the opinion rendered by our Supreme Court of Appeals in the case of Price v. Sims, 58 S. E. 2d 657, in which Judge Haymond stated:
“Generally, moral obligation which will support appropriation of public funds must be based on obligation or duty created by prior statute, or created by contract or resulting from wrongful conduct, which would be judicially recognized as legal or equitable between private persons.”
A majority of this court is of the opinion that claimant in the instant case took reasonable measures to reduce damage inflicted upon her by a state agency, that her claim is such a claim as between private persons would be enforced by a court of law, and that the nature of the claim brings it within the definition of a moral obligation. We think there is merit in the contention of claimant’s counsel that “It cannot be disputed that the damage grew out of a breach by the state of its contract to surrender the' leased premises at the expiration of its term.”
' Accordingly,- a majority of this court makes an award of six hundred dollars ($600.00) to Dena Cohen, in addition to the award of $225.00 made by unanimous opinion of the court, making a total award of eight hundred and twenty-five dollars ($825.00) to claimant.